**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

JOHN OLATUNDE OLLAIGBE          :

    Petitioner          :          CIVIL ACTION NO. 3:16-556

    v          :
               **(JUDGE MANNION)**

BUREAU OF IMMIGRATION AND,          :
CUSTOMS ENFORCEMENT,
                    :

    Respondents

## MEMORANDUM

Petitioner, a detainee of Immigration and Customs Enforcement ("ICE"), currently confined in the Pike County Prison, Lords Valley, Pennsylvania, filed the above captioned petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. Ollaigbe challenges his continued detention by ICE. A response (Doc. 6) and traverse (Doc. 7) having been filed, the petition is ripe for disposition. For the reasons set forth below, the petition will be dismissed, without prejudice, as premature.

## I. Background

Ollaigbe is a citizen and native of Nigeria. (Doc. 6-1 at 5). On May 10, 2005, he adjusted his status to Lawful Permanent Resident. Id.

On April 7, 2015, Immigration officials served Ollaigbe with a Notice to

Appear, charging him with being subject to removal from the United States based upon his extensive criminal history of theft and fraud convictions, amassed while in the United States. Id. The Notice to Appear advised Ollaigbe that as the result of these criminal convictions, he was subject to removal pursuant to Section 237(a)(2)(A)(ii) of the Immigration and Nationality Act (INA). Id.

In a Decision and Order dated September 23, 2015, the Immigration Judge ordered that Ollaigbe's application for adjustment of status with a waiver of inadmissibility pursuant to section 212(h) of the INA be denied and he is to be removed from the United States to Nigeria. (Doc. 6-1, at 6-18). Ollaigbe appealed this decision to the Board of Immigration Appeals, who on December 3, 2015, dismissed his appeal. (Doc. 6-1 at 19-23).

On December 28, 2015, Ollaigbe filed a Petition for Review and a temporary stay of removal was granted. Ollaigbe v. Att'y Gen., 15-4057 (3d Cir. 2016.) On April 11, 2016, the Third Circuit dismissed the petition and denied Ollaigbe's stay of removal. Id. As such, Petitioner's removal order became final on that date.

On April 1, 2016, Petitioner filed the instant petition for writ of habeas corpus, challenging his continued detention pursuant to Zadvydas v. Davis, 533 U.S. 678 (2001). (Doc. 1). For relief, Petitioner seeks immediate release from his

continued detention. (Id.).

## II. **Discussion**

Detention, release, and removal of aliens ordered removed is governed by the provisions of 8 U.S.C. §1231. Under §1231(a), the Attorney General has 90 days to remove an alien from the United States after his order of removal, during which time detention is mandatory. Section 1231(a)(1)(B) specifically provides: The removal period begins to run on the latest of the following:

> (I) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if the court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

At the conclusion of the 90 day period, the alien may be held in continued detention, or may be released under continued supervision. 8 U.S.C. §§1231(a)(3) and (6).

In Zadvydas v. Davis, 533 U.S. 678 (2001), the United States Supreme Court addressed the issue of whether §1231(a)(6) authorizes the Attorney General to detain a removable alien indefinitely beyond the 90 day removal

3

period or only for a period reasonably necessary to effectuate the alien's deportation. Reasoning that the indefinite detention of aliens "would raise serious constitutional concerns," the Court concluded that the statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the United States. It does not permit indefinite detention." Id. at 2498. The Court asserted that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." Id. at 2503. To establish uniformity in the federal courts, the Court recognized six (6) months as a "presumptively reasonable period of detention." Id. at 2505. The Court further directed that if the alien provides good reason to believe that there is no significant likelihood of deportation in the reasonably foreseeable future at the conclusion of the six (6) month period, the burden shifts to the government to "respond with evidence sufficient to rebut that showing." Id. The Court stated that not every alien must be released after six (6) months; but, rather, an alien may still be detained beyond six (6) months "until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future."

Following the Supreme Court's decision in Zadvydas, regulations have been promulgated to meet the criteria established by the Supreme Court. See 8 C.F.R. §241.4. Prior to the expiration of the 90 day removal period, the district director shall conduct a custody review for an alien where the alien's removal, while proper, cannot be accomplished during the prescribed period. 8 C.F.R.

§241.4(k)(1)(I). When release is denied pending the removal, the district director may retain responsibility for custody determinations for up to three months or refer the alien to the Head Quarters Post-order Detention Unit (HQPDU) for further custody review. 8 C.F.R. §241.4(k)(1)(ii).

Ollaigbe's order of removal became final on April 11, 2016, when his Petition for Review was dismissed by the United States Court of Appeals for the Third Circuit. Initially, the court notes that Ollaigbe filed the instant action on April 1, 2016, ten days prior to his order of removal becoming final. As such, any claim regarding prolonged detention prior to his removal order is dismissed as moot. Moreover, any challenge to his post-order detention is premature, as a petition filed before the expiration date of the presumptively reasonable six months detention is properly dismissed. See Zadvydas, 533 U.S. at 701; Akinwale v. Ashcroft, 287 F.3d 1050, 1052 (11th Cir. 2002) ("this six-month period thus must have expired at the time [petitioner's] §2241 petition was filed in order to state a claim under Zadvydas"). As the petition was filed prematurely, there is no need for the court to examine whether Petitioner has established "that there is no significant likelihood of [his] removal in the reasonably foreseeable future." Zadvydas, 533 U.S. at 701, 121. S.Ct. at 2505. Thus, the petition will be dismissed, without prejudice, as Petitioner is prematurely before the Court.

A separate Order will be issued.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

Dated: August 19, 2016

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2016 MEMORANDA\16-0556-01.wpd